IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0651-JED-FHM |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a habeas corpus action. Before the Court is Respondent's "motion to dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and for failure to exhaust necessary state court remedies" (Doc. 10). Respondent filed a brief in support of the motion (Doc. 11), and Petitioner filed a response (Doc. 12). For the reasons discussed below, the Court shall deny Respondent's motion to dismiss the petition.

### *BACKGROUND*

Petitioner challenges the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-5068. Doc. 1 at 1. In that case, a jury convicted Petitioner of first degree murder, after former conviction of two or more felonies. Doc. 11-1, *Brown v. State*, No. F-2015-855 (Okla. Crim. App. 2016) (unpublished), at 1. Consistent with the jury's recommendation, the state district court imposed a prison sentence of life without the possibility of parole and a $10,000 fine. *Id.* Petitioner filed a direct appeal raising three propositions of error: (1) the trial court improperly admitted evidence of other crimes, (2) the prosecutor committed misconduct by attempting to define reasonable doubt during voir dire and by denigrating Petitioner's voluntary-intoxication defense during closing argument, and (3) trial counsel provided ineffective

assistance by failing to object to the admission of other crimes evidence and the prosecutor's improper remarks. *Id.* at 3-8. In an unpublished opinion filed November 9, 2016, in Case No. F-2015-855, the Oklahoma Court of Criminal Appeals (OCCA) rejected all three claims on the merits and affirmed petitioner's conviction and sentence. *Id.* Petitioner did not seek a writ of certiorari from the United States Supreme Court. Doc. 1 at 3.

On March 23, 2017, Petitioner filed an application for post-conviction relief in state district court, raising 11 propositions of error:

> Proposition I: New law *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), proves trial court lacked jurisdiction.
>
> Proposition II: It has been newly discovered by investigators that both trial and appeals counsel had major conflict of interest against Petitioner and it denied Petitioner his Sixth Amendment right.
>
> Proposition III: The trial court lacked jurisdiction because the records show no grand jury waiver was signed or read into the record.
>
> Proposition IV: No procedural bar to jurisdictional claims.
>
> Proposition V: The doctrine of double jeopardy and pre-trial detainer punishment barred jurisdiction to a court to impose a 2nd punishment.
>
> Proposition VI: 22 O.S. 1514 creates a liberty interest in consideration for sentence modification of suspension of remainder.
>
> Proposition VII: Investigators have discovered that the prosecutor failed to do his duty and lacked legal standing to prosecute.
>
> Proposition VIII: The accumulation of errors, and newly discovered evidence warrant relief or a hearing.
>
> Proposition IX: New ruling of law required resentencing without enhancement.
>
> Proposition X: Trial is void when judge fails to get a waiver of his being a former prosecutor 20 O.S. Section 1401.

Proposition XI: Ineffective assistance of appeals counsel because:

A. Appellate counsel failed to argue that trial counsel was ineffective for failing to present evidence that Mr. Brown's use of alcohol rendered him incapable of forming criminal intent, the *res gestae* and *mens rea* of First Degree Murder, to be convicted of the same.

B. Appellate counsel failed to argue that trial counsel was ineffective for failing to call for a psychiatric evaluation of Mr. Brown.

Doc. 11-2 at 2-3. In an unpublished order filed July 26, 2017, the state district court thoroughly considered each of Petitioner's claims and denied relief. *Id.* at 3-14. Petitioner appealed that denial to the OCCA in Case No. PC-2017-817. Doc. 11-3. The OCCA affirmed the denial of Petitioner's application for post-conviction relief on November 3, 2017. *Id.* at 3-7.

On August 30, 2017, Petitioner filed a second application for post-conviction relief in state district court, raising three propositions of error:

Proposition I: On August 8, 2017, the Tenth Circuit Court of Appeals issued an opinion clarifying jurisdictional law back to 1866 in Oklahoma holding that no state court has jurisdiction to try a defendant for any crime committed in Oklahoma involving an Indian, as all of Oklahoma, except the Panhandle, is "Indian Country," thus the state had no jurisdiction over this case.

Proposition II: On July 10, 2017, the Oklahoma Attorney General in the Supreme Court case of *Martin v. Bear*, No. 16-9498, admitted no state of Oklahoma court has jurisdiction to prosecute a defendant on an Information without first getting a waiver of a grand jury indictment from the defendant, or the conviction is void.

Proposition III: On August 11, 2017, the D.C. Circuit Court of Appeals held in the Blackwater Private Contractor case that a life sentence for killing 15 people was cruel and unusual punishment. Therefore, applying that new federal decision to this case, Petitioner's sentence should be modified to time served or a new trial should be conducted.

3

Doc. 11-4 at 3-4. In an unpublished order filed October 3, 2017, the state district court denied relief as to all three claims. *Id.* at 4-9. Petitioner appealed that denial to the OCCA in Case No. PC-2017-1109. Doc. 11-5 at 2.

On December 4, 2017, while his post-conviction appeal in Case No. PC-2017-1109 was pending, Petitioner filed the instant petition for a writ of habeas corpus. Doc. 1. Petitioner identifies four grounds for habeas relief:

> Ground 1: State court lacked jurisdiction over crime committed by an Indian, upon an Indian, in Indian country, inside an Indian reservation.
>
> Petitioner was tried in wrong court; he is 'detained' in violation of clearly established federal laws, Constitution, and treaties. [S]tate courts refuse to address this issue; but admit it's true. Nov. 9th 2017, in *Kincaid v. Bear*, CV-17-1117, U.S. Dist. Judge West. Dist. OK found all Okla. state prisoners are entitled to habeas corpus on this issue.
>
> Ground 2: Due process of law denied Petitioner; depriving state court of jurisdiction.
>
> State court failed to advise Petitioner of his federal rights and that his waivor [sic] of a grand jury indictment in *Martin v. Bear*, No. 16-1689, U.S. S. Ct., St Att Gen admitted under *U.S. v. Ferguson*, 106 S. Ct. 124, all state courts lacked jurisdiction unless they received a waivor [sic] of federal right to indictment, before they could proceed on an information.
>
> Ground 3: Conviction contrary to federal laws, and denied due process
>
> State courts refused to follow their own rules, laws or Constitution; refused to address merits of my claim; refused to apply, or comply with U.S. Supreme Court opinions, acts of Congress, violated U.S. Constitution.
> Petitioner is actually innocent, it was proven in post-conviction to be an accident but state courts refused due process of a hearing.
>
> Ground 4: Discrimination because of disabilities denied equal protection and due process of law.

4

> If Petitioner was not disabled, incompetent, poor or black, state courts would have given him a fair trial; appeals counsel would have raised 10 appeal issues instead of (3); appeals courts would have reversed on same grounds as they did Nov. 23, 2017, in the Nowata State v. Barnes case; a police officer committed murder and rich white people like Rev. Hearns [sp?] grand-son, are not charged by the Tulsa prosecutor or were treated differently. Prosecutor lacked legal standing to prosecute crime.

Doc. 1 at 5, 7-8, 10.

In response to the petition, Respondent filed a "motion to dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and for failure to exhaust necessary state court remedies" (Doc. 10), and a brief in support (Doc. 11). Petitioner filed a response (Doc. 12).

## *ANALYSIS*

Respondent contends the claims alleged in Grounds 1, 2 and 3 should be dismissed without prejudice under the *Younger* abstention doctrine[1] because those claims are pending before the OCCA in Case No. PC-2017-1109. Doc. 11 at 5-6. Respondent contends Petitioner's Ground 4 claim should be dismissed for failure to exhaust available state remedies because Petitioner has not presented that claim in any prior state court proceeding. *Id.* at 6-7.

Petitioner filed a response to the motion to dismiss, asserting (1) his claims are exhausted because the OCCA affirmed the denial of his application for post-conviction relief on November 3, 2017, (2) there have never been any state remedies available to any Oklahoma state prisoner over

---

[1] Under the *Younger* abstention doctrine, a federal court must abstain from exercising equity jurisdiction when three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Walck v. Edmonson*, 472 F.3d 1227, 1233 (10th Cir. 2007) (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

the last 30 years, (3) the Oklahoma Attorney General "confessed" to the United States Supreme Court in *Martin v. Bear*, No. 16-9488, that Oklahoma state prisoners have no available state court remedies, that all state courts deny access to courts, due process and equal protection, and that the State has suspended habeas corpus, and (4) he should be granted a hearing "to show extraordinary circumstances." Doc. 12 at 1.

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1). Before a federal court may grant habeas relief, the petitioner must show that he exhausted available state-court remedies, 28 U.S.C. § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," *Hawkins v. Mullins*, 291 F.3d 658, 668 (10th Cir. 2002). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Ordinarily to enforce this exhaustion requirement, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). "However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Id.* at 892 (quoting *Smallwood v. Gibson*, 191

F.3d 1257, 1267 (10th Cir. 1999)). Rather, under the doctrine of anticipatory procedural bar,[2] those unexhausted claims that the state court would find procedurally barred are deemed procedurally defaulted for purposes of habeas review. *Id.* To overcome the procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

I. **Petitioner exhausted the claims alleged in Grounds 1, 2 and 3.**

On the record presented, the Court agrees with Respondent that Petitioner's claims asserted in Grounds 1, 2 and 3 were unexhausted when he filed the instant habeas petition because, at that time, his second post-conviction appeal, in Case No. PC-2017-1109 was pending. *See* Doc. 11 at 3-4 (detailing Petitioner's attempts to exhaust habeas claims).[3] However, the state court docket in Case No. PC-2017-1109 reflects that the OCCA issued an unpublished opinion on March 21, 2018, affirming the state district court's denial of Petitioner's second application for post-conviction relief. *See Brown v. State*, No. PC-2017-1109, available at http://www.oscn.net, last visited September 17,

---

[2] "'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

[3] The Court is not persuaded that Petitioner's overly broad allegations in Ground 3 state a cognizable federal habeas claim. *See* Doc. 1 at 8 (asserting unspecified due process violations, actual innocence, denial of a hearing, and alleging state court failed to comply with federal law). However, for purposes of adjudicating Respondent's motion to dismiss, the Court accepts Respondent's assertion that Petitioner raised this claim in his second post-conviction appeal. Doc. 11 at 4.

7

2018.[4]  Because the claims alleged in Grounds 1, 2 and 3 are now exhausted, the Court declines Respondent's request to dismiss those claim under the *Younger* abstention doctrine.

**II.     Petitioner failed to exhaust the claim alleged Ground 4.**

Nonetheless, the Court finds Ground 4 is unexhausted.  As Respondent argues, it is clear from the state court decisions that Petitioner has not presented his Ground 4 claim in any prior state court proceeding.  *See* Doc. 11 at 4; *see also* Docs. 11-1, 11-2, 11-3, 11-4.  However, applying *Grant*, the Court finds dismissal of the petition to permit Petitioner to exhaust this claim would not be appropriate.  Though his Ground 4 claim is not entirely clear, Petitioner appears to allege that because he is "disabled, poor [and] black," (1) the State discriminated against him by charging him, prosecuting him and denying him a fair trial, (2) appellate counsel discriminated against him by failing to raise more issues on direct appeal, and (3) the OCCA discriminated against him by failing to reverse his conviction and sentence.  Doc. 1 at 10.  To the extent Petitioner claims he was discriminated against before or during trial or during the direct appeal process, he could have raised his Ground 4 claim either on direct appeal or in his applications for post-conviction relief.  That he did not do so makes it very likely that, should he return to state court to exhaust this claim, the state courts would find this claim waived or procedurally barred.

The OCCA routinely applies a procedural bar to claims that could have been, but were not, raised on direct appeal or in a first application for post-conviction relief.  *See* OKLA. STAT. tit. 22, § 1086 (generally barring post-conviction relief for claims not raised in first post-conviction

---

[4]     The Court takes judicial notice of the state court record which is available to the public.  *See United States v. Ahidley*, 486 F.3d at 1184, 1192 n.5 (noting that federal courts may "take judicial notice of publicly-filed records in . . . other courts concerning matters that bear directly upon the disposition of the case at hand").

8

application); *Walker v. State*, 933 P.2d 327, 330-31 (Okla. Crim. App. 1997) ("[P]ost-conviction claims which could have been raised in previous appeals but were not are generally considered waived."). In fact, the state district court and the OCCA have already applied this procedural bar to some claims Petitioner raised in his first and second applications for post-conviction relief. *See* Doc. 11-3 at 4-5; Doc. 11-4 at 5-6. And the Tenth Circuit Court of Appeals recognizes this particular procedural bar as an independent and adequate state ground for denying habeas relief. *Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002). Under these circumstances, the Court finds Petitioner's unexhausted Ground 4 claim is subject to an anticipatory procedural bar and should be deemed procedurally defaulted rather than dismissed without prejudice. The Court therefore denies Respondent's request to dismiss Ground 4 for lack of exhaustion.

## III. Opportunity to respond

Because Petitioner procedurally defaulted his Ground 4 claim, the Court will deny habeas relief on that claim unless Petitioner can demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of that claim. *Coleman*, 501 U.S. at 750. Within thirty (30) days of the entry of this order, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the unexhausted claim alleged in Ground 4 of his habeas petition. To establish cause Petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external

factors may include discovery of new evidence, a change in the law, interference by state officials,[5] and constitutionally ineffective assistance of counsel. *Id.* However, an ineffective assistance of counsel claim "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (quoting *Carrier*, 477 U.S. at 489). In addition to cause, Petitioner must also show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).

If Petitioner cannot establish "cause and prejudice," he can overcome the procedural default of his Ground 4 claim only by showing that a "fundamental miscarriage of justice" would result if the Court fails to address that claim on the merits. *Coleman*, 501 U.S. at 750. To make this showing, Petitioner must present a credible claim of "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Simply maintaining one's innocence, or even casting some doubt on witness credibility, does not necessarily satisfy this standard." *Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014). Instead, to present a credible actual-innocence claim Petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented

---

[5] In his response to the motion to dismiss, Petitioner suggests he was not required to exhaust any state court remedies because "for 30 years state courts refused any 'availability' to exhaust." Doc. 12. The state court decisions in this case directly contradict Petitioner's assertion. To date, Petitioner has exhausted 17 claims in state court, and the state courts have thoroughly considered those claims even when some appeared to be procedurally barred. *See* Docs. 11-2, 11-3, 11-4. Petitioner is advised that the Court will not consider baseless allegations in determining whether Petitioner can make the necessary showings to overcome the procedural default of his Ground 4 claim.

at trial." *Schulp*, 513 U.S. at 324. Petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Should Petitioner file a brief addressing the procedural default of his Ground 4 claim, Respondent may file a response within thirty (30) days of the filing of Petitioner's brief.

Within thirty (30) days of the entry of this Order, Respondent shall file a response to the habeas petition addressing the exhausted claims raised in Grounds 1, 2 and 3 of the petition. Petitioner may file a reply within thirty (30) days of the filing of Respondent's response.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's "motion to dismiss pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and for failure to exhaust necessary state court remedies" (Doc. 10) is **denied**.

2. Within thirty (30) days of the entry of this Order, or by **October 22, 2018**, Petitioner may file a **brief** demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of his Ground 4 claim.

3. Respondent may file a **response** within thirty (30) days after the filing of Petitioner's brief.

4. Within thirty (30) days of the entry of this Order, or by **October 22, 2018**, Respondent shall file a **response** to the habeas petition addressing the claims raised in Grounds 1, 2 and 3 of the habeas petition.

5. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to the petition.

ORDERED this 21st day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE